## HUNTINGTON BROADCASTING CO. v. FEDERAL COMMUNICATIONS COMMISSION et al.

### No. 10756.

United States Court of Appeals
District of Columbia Circuit.

Argued April 27, 1951.

Decided June 28, 1951.

**34**

Edward F. Kenehan, Washington, D. C., with whom Vincent B. Welch, Washington, D. C., was on the brief, for appellant.

Robert D. Greenburg, Attorney, Federal Communications Commission, Washington, D. C., of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Benedict P. Cottone, General Counsel, Federal Communications Commission, Max Goldman, Asst. General Counsel, Federal Communications Commission, and Richard A. Solomon, Attorney, Federal Communications Commission, Washington, D. C., were on the brief, for appellee.

Abe L. Stein, Washington, D. C., for intervenor.

Before WILBUR K. MILLER, PRETTYMAN and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The Huntington Broadcasting Company, Coast Radio Broadcasting Corporation, and San Gabriel Valley Broadcasting Company separately applied to the Federal Communications Commission for permits to construct in Los Angeles County, California, new standard broadcast stations, to be located respectively in the cities of Huntington Park, Los Angeles and Monrovia. Each proposed to operate on 1540 kilocycles, 5 kilowatts, daytime only.

After a consolidated hearing of the three mutually exclusive applications, the Commission granted that of Coast Radio and rejected the other two. Huntington's appeal from that decision requires us to determine whether the Commission acted arbitrarily and capriciously in granting the permit to Coast Radio and denying it to Huntington.

The appellant reasons that, as its station would be located in the municipality of Huntington Park and Coast Radio's station would be in the city of Los Angeles, the Commission was required by § 307(b) of the Communications Act, 47 U.S.C. § 151 et seq., to decide which of the two cities was more in need of a new broadcast facility. This should have been done, says the appellant, by comparing the needs of the two communities "for broadcast transmission facilities for purposes of local radio expression" and "for broadcast reception service for radio listeners."

Huntington Park is a suburb of Los Angeles,—unquestionably an integral part of the vast metropolitan district which includes that city. But it is an independent municipality with a population slightly less than 30,000. It has its own civic, social, religious, educational and governmental organizations. But nevertheless, only six miles separate the center of Huntington Park from the center of the city of Los Angeles.

The Commission recognized that Huntington Park might well be entitled to what

its rules define as a Class IV station, which operates on a local channel with a maximum power of 250 watts. But, instead of applying for a permit for such a local facility, the appellant sought authority to construct a Class II station to operate on a clear channel with 5 kilowatts power. Its proposed facility would serve not only the residents of Huntington Park, but 83 per cent of the great metropolitan district as well. In like manner, Coast Radio would serve almost all of that district, including Huntington Park.

The Commission determined from ample evidence that each applicant proposed to use facilities so powerful that its service would be regional in character and would substantially cover the entire metropolitan district in which both cities are located. It recognized, therefore, that both applicants were offering to render mutually exclusive service to one great community, as a result of which one must be preferred over the other in the public interest and for the public convenience and necessity of that one community. It saw that the situation was not one in which two separate communities were competing, so as to require the Commission to proceed under the admonition of § 307(b) to distribute licenses "among the several States and communities [so] as to provide a fair, efficient, and equitable distribution of radio service to each of the same."

Consequently the Commission determined —correctly, we think—that the choice was not as to which of two communities showed the greater need for a new station, but was rather which of two applicants would better serve the one large community which both desired to cover.

With this distinction in mind, the Commission compared the two applicants. Both were legally, technically and financially qualified to construct and operate the radio stations they proposed. Neither could be preferred over the other as to the program service which they planned. The ultimate choice of Coast Radio as the applicant better qualified to serve the Los Angeles metropolitan district was based upon the Commission's finding that it was in a better position than Huntington to carry out its service plans because its stockholders were more largely local residents, and because it proposed greater integration of ownership and management in its operation.

We think it clear that the Commission's choice of Coast Radio as the applicant better qualified to serve the Los Angeles metropolitan district was based on adequate findings of fact, supported by substantial evidence. That the Commission gave careful consideration to this question is evidenced by its opinions, which discuss the factual situation and legal questions in great detail. Its order is

Affirmed.