George DACRE and Henry Edelstein
d/b/a Rockland Broadcasting
Company, Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Rockland Radio Corporation, Intervenor.

No. 18956.

United States Court of Appeals
District of Columbia Circuit.

Argued March 17, 1965.

Decided June 10, 1965.

Petition for Rehearing Denied
Dec. 8, 1965.

Mr. Samuel Miller, Washington, D. C., with whom Mr. Mark E. Fields, Washington, D. C., was on the brief, for appellant.

Mr. Michael Finkelstein, Counsel, F. C. C., with whom Messrs. Henry Geller, Gen. Counsel, and John H. Conlin, Associate Gen. Counsel, F. C. C., were on the brief, for appellee. Mr. Daniel R. Ohlbaum, Deputy Gen. Counsel, F. C. C., also entered an appearance for appellee.

Mr. Herbert M. Schulkind, Washington, D. C., with whom Mr. Benito Gaguine, Washington, D. C., was on the brief, for intervenor.

Before BAZELON, Chief Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant applied to the Federal Communications Commission for a license to operate a Class III radio station located at Blauvelt, an amorphous community in Rockland County, New York. Intervenor and another subsequently requested similar, mutually exclusive facilities in nearby Spring Valley, New York. The Commission found that Spring Valley is the largest city in Rockland County and its commercial center and therefore has a greater need for a first local transmission service than Blauvelt. Relying on § 307(b) of the Federal Communications Act, 47 U.S.C. § 307(b) (1952), the Commission excluded appellant from a comparison of the Spring Valley applicants, in which the intervenor prevailed.[1] Appellant argues that all applications were for facilities to serve the region of Rockland County rather than the designated station locations and that therefore appellant should have been consid-

---

1. Rockland Broadcasting Co., 2 Pike & Fischer R.R.2d 39 (1964)

ered with the Spring Valley applicants under the standard comparative issue.[2]

The Commission's view of the case is consistent with the view it has usually applied to mutually excusive applications for different station locations serving the same region. Under this view the Commission determines the community to be served by an applicant solely according to the proposed station location.[3] It first selects that location with the greatest need for transmission service and then compares the abilities of only the applicants for that location.[4]

In some recent cases, however, it has treated mutually exclusive applications for different station locations serving the same region as equivalent for § 307(b) purposes and therefore entitled to consideration on the basis of the standard comparative issue.[5] Although the Commission apparently finds merit in this approach to its difficult task of allocating facilities, it did not follow it here and offered only a meager explanation for adhering to its earlier view.[6]

We do not reach the question whether the explanation is sufficient for review purposes, because we think affirmance may adequately rest on appellant's inaction after applications for Spring Valley appeared. It could readily have sought then to amend its application to provide principal-city service to Spring Valley or to obtain waiver of the Commission rules establishing requirements for principal-city service by promising to create some substantial connection with Spring Valley, such as an auxiliary studio.[7] We think its failure to do so could properly be taken as signifying a willingness to be treated as a Blauvelt application.

The orders of the Federal Communications Commission in granting intervenor's application and denying appellant's application and petitions for reconsideration are

Affirmed.

BURGER, Circuit Judge, concurs in the result.

2. A Class III station is considered a regional station in that it "is designed to render service primarily to a principal center of population and the rural area contiguous thereto." 47 C.F.R. § 73.21 (b) (1) (1965).

3. E. g., Kent-Ravenna Broadcasting Co., 22 Pike & Fischer R.R. 605 (1961). "Only under exceptional circumstances have two politically separate cities been treated by the Commission as a single community." Hayward F. Spinks, 24 Pike & Fischer R.R. 1055, 1056(c) (1963).

4. E.g., Consolidated Broadcasting Industries, Inc., 19 Pike & Fischer R.R. 1374 (1960).

5. Seven Locks Broadcasting Co., 3 Pike & Fischer R.R.2d 177 (1964); Massillon Broadcasting Co., 2 Pike & Fischer R.R.2d 409 (1964); Armin H. Wittenberg, Jr., 19 Pike & Fischer R.R. 755 (1961); Rossmoyne Corp. (WCMB), 7 Pike & Fischer R.R. 117 (1951); Huntington Broadcasting Co., 5 Pike & Fischer

R.R. 721 (1949), rehearing denied, 6 Pike & Fischer R.R. 569 (1950), affirmed, 89 U.S.App.D.C. 222, 192 F.2d 33 (1951).

6. The Federal Communications Commission merely cited the Hayward F. Spinks case, note 3 supra, and stated, "During the hearing, the principals of all the applicants testified that their primary concern was with service to Blauvelt in the one case and to Spring Valley in the other two cases." 2 Pike & Fischer R.R.2d at 49.

7. Cf. Burlington Broadcasting Co., 25 Pike & Fischer R.R. 633 (1963), remanded on other grounds, sub nom. Halpern v. Federal Communications Comm'n, 118 U.S. App.D.C. 28, 331 F.2d 774 (1964); Edina Corp., 24 Pike & Fischer R.R. 479 (1962); Rockland Broadcasting Co., 23 Pike & Fischer R.R. 789 (1962); Kent-Ravenna Broadcasting Co., 22 Pike & Fischer R.R. 605 (1961); Consolidated Broadcasting Industries, Inc., 19 Pike & Fischer R.R. 1374 (1960).